NO. 07-07-0469-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 23, 2008
_____

NICHOLAS ALEXANDER THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A16958-0611; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On November 20, 2006, appellant, Nicholas Alexander Thompson, pleaded no contest to the offense of driving while intoxicated, third or more offense. Pursuant to a plea bargain, appellant was sentenced to three years confinement and a fine of $1,000, but the term of confinement was suspended and appellant was placed on community supervision for a term of seven years. A special term and condition of community supervision required appellant to successfully complete a Court Residential Treatment Center (CRTC) program. Subsequently, on September 19, 2007, the State filed an application to revoke his

community supervision. At the revocation hearing, appellant pleaded "not true" to the allegations contained in the State's application to revoke his community supervision. The trial court found that appellant had violated his terms and conditions of community supervision, as alleged, and revoked appellant's community supervision and sentenced him to a term of confinement of three years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed the sentencing. We affirm.

Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a *pro se* response. Appellant has not filed a response.

By his Anders brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,

102 L.Ed.2d 300 (1988); <u>Bledsoe v. State</u>, 178 S.W.3d 824 (Tex.Crim.App. 2005).  We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is hereby granted and the trial court's judgment is affirmed.[1]

Mackey K. Hancock
Justice

Do not publish.

---

[1] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  <u>See</u> TEX. R. APP. P. 48.4.